**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **CASE NUMBER: 5:11CR-46-R** |
| **PENNY JO JONES** | **DEFENDANT** |

**ARRAIGNMENT ORDER**
**& RECIPROCAL ORDER OF DISCOVERY**

The above-styled case came before the Honorable Lanny King, United States Magistrate Judge and was called in open Court on December 14, 2011 for an initial appearance and arraignment on an Indictment in Paducah, Kentucky. The defendant appeared in person and acknowledged receipt of a copy of the Indictment and waived a formal reading thereof. The United States was represented by Assistant United States Attorney G. David Sparks. Although counsel has not entered a written entry of appearance, Mr. Boling appeared in Court with the defendant and advised the Court that he would be representing the defendant on this case. The proceedings in this case was digitally recorded in the Third Floor Courtroom. The Court advised the defendant of her rights pursuant to Rule 5 of the Federal Rules of Criminal Procedure and the defendant acknowledged that she understood those rights. The defendant was advised of the nature of the offense with which she is charged and the minimum and maximum penalties provided by law. The defendant was advised of her right to request court appointed counsel, and she waived the appointment of counsel. The defendant, through counsel, entered a plea of **"not guilty"** as to Count 1 of the Indictment. The United States did not move for the defendant's detention and the defendant executed an Appearance Bond and Order Setting Conditions of Release approved by the Court.

It is therefore **ORDERED** that:

1. A plea of "not guilty" is entered by the defendant, through counsel, as to Count 1 of the Indictment.

2. This matter is continued for a telephonic conference with Senior Judge Thomas B. Russell on January 11, 2012 at 8:45 a.m. C.T. for the sole purpose of establishing a trial date. The Court shall place the conference call at the scheduled hour. Counsel shall notify the Court if the conference call is to be received at a telephone other than counsel's telephone number which is on record with the Court. If matters, other than the setting of a trial date, which would require a personal appearance by the defendant and counsel for the parties need to be addressed, the Court should be notified as soon as possible.

3. The defendant is released pursuant to the Appearance Bond and Order Setting Conditions of Release executed by her on this date.

It is further **ORDERED** that the parties proceed to give reciprocal discovery pursuant to the provisions of Fed. R. Crim. P. 16, and 18 U.S.C. § 3500 Jencks Act, subject to the limitations and conditions set forth therein, and including, not by way of limitations, the following:

### THE UNITED STATES

The United States shall permit the defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the defendant or copies thereof within the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence may become known to the United States Attorney;

2. The substance of any oral statement which the United States intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a Government agent;

3. Recorded testimony of the defendant before the Federal Grand Jury which relates to the offense charged;

4. Books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof which are within the possession, custody, or control of the United States and which the United States intends to introduce as evidence in chief at the trial of this case;

5. Results of reports of physical or mental examinations and of scientific tests or experiments or copies thereof which are within the possession, custody, or control of the United States; the existence of which is known or by the exercise of due diligence may become known to the United States Attorney, and which the United States intends to introduce as evidence in chief at the trial of this case;

6. Copy of the prior criminal record of the defendant, if any that is within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States; and

7. Any tape recording made by the Government agents of any conversation with the defendant.

**THE DEFENDANT**

The defendant shall provide the following information to the United States for the purpose of inspection, examination and photocopying:

1. All books, papers, documents, photographs, tangible objects, or copies, or portions thereof, which are within the possession, custody, or control of the defendant, and which the defendant intends to introduce as evidence in chief at the trial in this case; and

2. Any results or reports of mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial, or which were prepared by a witness whom the defendant intends to call at trial when the results or reports related to his testimony.

Compliance with this Order shall be accomplished on or before January 6, 2012.

Copies:  U.S. Attorney
         U.S. Probation
         U.S. Marshal's Office
         Counsel for the defendant

:10